HDM:KTF/BW/DIB
F. #2024R00288

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
\*   DECEMBER 3, 2024   \*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

AMMAR AWAWDEH,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 24-CR-488
(T. 18, U.S.C., §§ 224, 981(a)(1)(C), 1349
and 3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

Judge Allyne R. Ross
Magistrate Judge Marcia M. Henry

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1. The defendant AMMAR AWAWDEH was a citizen of the United States and a resident of Brooklyn, New York.

2. The National Basketball Association ("NBA") was a professional basketball league in North America comprised of 30 teams. The Toronto Raptors, Los Angeles Clippers and Sacramento Kings are NBA teams.

3. The Sports Betting Company, an entity the identity of which is known to the Grand Jury, was a sportsbook that operated both physical sportsbooks and an online platform that offered sports betting relating to, among other things, NBA games and individual players' statistical performances in connection with NBA games.

## COUNT ONE
(Conspiracy to Commit Wire Fraud)

4.     The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

5.     In or about and between January 2024 and March 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant AMMAR AWAWDEH, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the Sports Betting Company and to obtain money and property from the Sports Betting Company by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Influence Sporting Contests by Bribery)

6.     The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

7.     In or about and between January 2024 and March 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant AMMAR AWAWDEH, together with others, did knowingly and willfully carry into effect, attempt to carry into effect and conspire to carry into effect, a scheme in commerce to influence by bribery sporting contests with knowledge that the purpose of this scheme was to influence by bribery those contests, to wit: (i) the January 26, 2024 NBA game between the Toronto Raptors

and the Los Angeles Clippers; and (ii) the March 20, 2024 NBA game between the Toronto Raptors and the Sacramento Kings, in violation of Title 18, United States Code, Section 224.

(Title 18, United States Code, Sections 224 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

8. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

/s/
_____
FOREPERSON

*by Alixandra Smith, Assistant U.S. Attorney*
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

4