EMOUNA & MIKHAIL, P.C.
ATTORNEYS AT LAW

**Matin Emouna**
*Admitted in NY, NJ & CT*
*memouna@emiklaw.com*

September 14, 2026

Honorable LaShann DeArcy Hall, USDJ
Honorable Marcia M. Henry, USMJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Ammar Awawdeh
Criminal Docket No. 24-CR-488
Consented to Request for Modification of Conditions of Release

Dear Judge DeArcy Hall, and Magistrate Henry:

As the Court is aware, I, Matin Emouna, of Emouna & Mikhail P.C., together with Mark Lesko, of La Pinta, Lesko & Miskiewicz P.C., represent Defendant Ammar Awawdeh in the above-captioned matter. We respectfully submit this application, with the consent of both the Government and the United States Pretrial Services Office, seeking a limited modification of Mr. Awawdeh's conditions of release to conform them to the conditions recently imposed by Judge Ramon E. Reyes, Jr. in Mr. Awawdeh's related federal matter, *United States v. Aiello, et al.*, 25-CR-314 (RER).

**Judge Reyes Has Granted the Identical Modification**

On August 31, 2026, Mr. Awawdeh appeared before Judge Reyes and entered a plea of guilty to Count One of the Indictment in 25-CR-314. Following the plea, Judge Reyes granted Mr. Awawdeh's application to modify his conditions of release. Specifically, Judge Reyes ordered that Mr. Awawdeh's location monitoring, curfew, and cyber monitoring be discontinued and that he be permitted to travel throughout the continental United States, subject to Pretrial Services' supervision and standard notice or approval requirements**.** All other conditions of bond remain in full force and effect. That was precisely the relief contemplated in our August 28 application to Judge Reyes, including continued supervision and continuation of all conditions not expressly modified.

**The Government and Pretrial Services Consent**

Because Mr. Awawdeh remains subject to separate conditions in this case, we thereafter sought the positions of both Pretrial Services and the Government concerning an identical modification in 24-CR-488. Supervising United States Pretrial Services Officer Amanda Sanchez has advised undersigned counsel that Pretrial Services has no objection to the requested modification. The Government, through AUSA David Berman, has likewise advised undersigned counsel that the Government has no objection to the requested relief.

Accordingly, this application is submitted on the consent of both the Government and Pretrial Services.

### Mr. Awawdeh's Record and Changed Procedural Posture Support the Requested Relief

Mr. Awawdeh has now been under federal pretrial supervision for more than two years and, to counsel's knowledge, has faithfully complied with the conditions imposed upon him and the directives of Pretrial Services. He has appeared whenever required and has committed no known violation of his conditions of release. This same record of sustained compliance formed part of the basis for the modification previously granted in this case following his July 16, 2026 guilty plea.

The procedural circumstances have now changed even further. Mr. Awawdeh has entered guilty pleas in both pending federal matters. The obstruction-related concerns that principally supported the enhanced restrictions at earlier stages of these proceedings have therefore substantially diminished, while Mr. Awawdeh's actual conduct during more than two years of supervision has demonstrated his willingness and ability to comply with the Court's Orders.

### Uniform Conditions Will Eliminate Unnecessary Duplication

There is also a compelling practical reason for the requested modification. Judge Reyes has already eliminated location monitoring, curfew, and cyber monitoring in 25-CR-314 and expanded Mr. Awawdeh's permissible travel to the continental United States under Pretrial Services' supervision.

Unless the corresponding conditions in this case are modified, Mr. Awawdeh will remain subject to two materially different sets of release conditions notwithstanding that **Pretrial Services and the Government consent to identical conditions in both matters.**

The requested modification would eliminate that unnecessary overlap and establish one coherent set of conditions for Pretrial Services to administer across both cases, while preserving the Court's authority and Pretrial Services' continuing supervision. Indeed, our prior application before Judge Reyes expressly advised that, if relief were granted there, counsel intended to seek a corresponding modification in this case for precisely that purpose.

### Requested Relief

Accordingly, with the consent of the Government and Pretrial Services, Mr. Awawdeh respectfully requests that the Court modify his conditions of release in 24-CR-488 to conform to Judge Reyes's August 31, 2026 Order in 25-CR-314 by: (a) discontinuing location monitoring; (b) eliminating the existing curfew; (c) discontinuing cyber monitoring; and (d) permitting travel throughout the continental United States, subject to Pretrial Services' supervision and standard notice or approval requirements. All other conditions of release would remain in full force and effect. Mr. Awawdeh would remain under Pretrial Services' supervision, remain obligated to appear whenever required, comply with all lawful directives of Pretrial Services, and remain subject to every condition not expressly modified by the Court.

In light of Mr. Awawdeh's sustained compliance, his guilty pleas in both federal matters, Judge Reyes's grant of identical relief, and the consent of both the Government and Pretrial Services, we respectfully request that the Court grant the requested modification.

We thank the Court for its time and kind consideration.

Respectfully submitted,

*Matin Emouna*

Matin Emouna

**cc:** AUSA Benjamin Weintraub
AUSA David Berman
Amanda Sanchez, U.S. Pretrial Services